UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-12734-RGS

RONALD CLARK

v.

UMASS CORRECTIONAL HEALTH CARE, et al.

ORDER

June 15, 2015

STEARNS, D.J.

For the reasons set forth below, the Court (1) allows the plaintiff's motion for leave to proceed *in forma pauperis* and assesses an initial partial filing fee; (2) orders that summonses be issued as to ten defendants; and (3) directs the plaintiff to file an amended complaint if he wishes to pursue claims against the remaining ten defendants.

I.  **Background**

Ronald Clark was a named plaintiff in *Stote v. UMass Correctional Health*, C.A. No. 13-10267-NMG, a civil rights action filed under 42 U.S.C. § 1983 ("§ 1983") by MCI Norfolk inmate John E. Stote in which he and over one hundred other prisoners claimed that medical care at MCI Norfolk was inadequate. In an order dated June 25, 2014, the Court ordered that the claims of each plaintiff be severed and that a separate case be opened up for each individual plaintiff. *See id.* (docket entry #20). Judge Gorton also stated that the complaint in the multi-prisoner action would be the operative complaint for each plaintiff unless and until he decided to file an amended complaint. Clark did not file an amended complaint, but he did indicate his desire to prosecute his claims by filing a motion for leave to proceed *in forma pauperis*.

For purposes of this action, the operative complaint will consist of the factual allegations common to all of the plaintiffs in the original *Stote* action, *see* complaint (docket entry #1) at 1-22, factual allegations unique to Clark, *see id.* at 65-67 (¶¶ 303-311), claims for relief, *see id.* at 173-185, and Clark's signature on the first signature page at the end of the complaint. Exhibits to the

complaint will consist of copies of three photographs and two grievance forms that were included as exhibits to the amended motion for temporary injunctive relief that was filed in the *Stote* action. (docket entry #1-4).

The Court summarizes the factual allegations of the complaint that are specific to Clark. In general, Clark did not receive adequate treatment for colitis, pain, and an infection in his buttocks. More specifically, when Clark suffered a colitis attack, Nurse Practitioner Herbert Ddungo simply prescribed a steroid without even examining the plaintiff or ensuring that he immediately saw a specialist. At some point, an appointment with an outside specialist was booked for a date in October 2012, more than thirty days after he began the taking the steroid. Prior to the appointment, Clark developed on his buttock what he thought was a small cyst. He put in sick slip and was seen by a registered nurse named Bill.[1] RN Bill refused to look at Clark's buttock. A few days later, Clark put in another sick slip after noticing that the "cyst" was larger. He was seen by RN/LPN Beth, who also refused to examine Clark's buttock. Neither RN Bill nor RN/LPN Beth requested that Clark see a doctor, nor did they inform Clark's doctor of his complaint.

Soon thereafter, Clark was taken to Shattuck Hospital for his previously scheduled appointment for colitis. Upon examining Clark's buttock, staff at Shattuck immediately arranged for him to be taken to Boston Medical Center where Clark was informed that he had developed gangrene in his buttock. He underwent major surgery and to remove the gangrene. Skin was taken from his hip and other areas of his body to reconstruct the portion of his buttock that had been removed. He was given a colostomy bag. Clark spent over a month recovering at Boston Medical Center and then was released to Shattuck Hospital for further rehabilitation. In late February 2013, he returned to MCI Norfolk and was placed in the prison's Assisted Daily Living for two more weeks. Clark then returned to the general population but his colostomy bag was not removed until

---

[1] In the recitation of the parties, Clark identifies this defendant as "RN William (Bill) John Doe, Registered Nurse" and another medical professional as "RN/LPN Beth (Younger) Jane Doe, unsure position Registered Nurse or Licensed Practical Nurse." Compl. at 21, ¶¶ 167, 168. The Court will refer to these two defendants as "RN Bill" and "RN/LPN Beth."

May 2013.

During his recovery at MCI Norfolk, he had to receive treatment for infections at another facility on two occasions. The plaintiff constantly experienced extreme pain at MCI Norfolk, which had been managed effectively at the hospitals with medication. When he visited his plastic surgeon in May 2013, the doctor told him he would be on pain medication for at least six more months to ensure proper healing of the nerves that had been cut during surgery. Two weeks later, medical providers at MCI Norfolk took him off the medication. Clark continues to suffer great pain.

## II. Discussion

### A. Motion for Leave to Proceed *In Forma Pauperis*

In an earlier order, the Court denied without prejudice the plaintiff's motion for leave to proceed *in forma pauperis* because he had not included the prison account statement required under 28 U.S.C. § 1915(a)(2). Clark later submitted his account statement (docket entry #10), which the Court construes as a renewed motion for leave to proceed *in forma pauperis*. Upon review of the renewed motion, the Court concludes that he is without income or assets to prepay the filing fee. Accordingly, the Court allows the motion. Because the plaintiff's income and account balance are nominal, no partial initial filing fee shall be assessed. The entire $350 filing fee shall be collected in accordance with 28 U.S.C. § 1915(b)(2).

### B. Screening of the Complaint

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue until the Court reviews the complaint pursuant to 28 U.S.C. § 1915(e)(2). Similarly, under 28 U.S.C. § 1915A, prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity are subject to a preliminary screening. Both § 1915(e)(2) and § 1915A authorize federal courts to dismiss a complaint *sua sponte* if the claims therein are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2);

28 U.S.C. § 1915A(b). In conducting this review, the Court liberally construes the complaint because the plaintiff is proceeding pro se. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Here, the complaint lists twenty defendants. However, when reading Clark's statement of claim in conjunction with the common portions of the complaint, only the claims against the following ten defendants survive preliminary screening: (1) UMass Correctional Health Care; (2) Massachusetts Department of Correction; (3) Luis Spencer, then- Commissioner of Correction; (4) Thomas Groblewski; (5) Rebecca Lubelczyk; (6) Maureen Atkins, Health Services Administrator; (7) Gary Roden, Superintendent; (8) Herbert Ddungo, Nurse Practitioner; (9) RN Bill; and (10) RN/LPN Beth.

The claims against the remaining ten[2] defendants are subject to dismissal because the Court cannot reasonably infer from the alleged facts that these ten defendants were in any way involved in Clark's medical care. To state a claim for relief, a complaint must, in compliance with Fed. R. Civ. P. 8(a)(2), include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). At a minimum, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Calvi v. Knox County*, 470 F.3d 422, 430 (1st Cir. 2006) (quoting *Educadores Puertorriqueños en Acción v. Hernández*, 367 F.3d 61, 66 (1st Cir. 2004)). This means that the statement of the claim must "at least set forth minimal facts as to who did what to whom, when, where, and why." *Id.* (quoting *Educadores*, 367 F.3d at 68). Although the requirements of Rule 8(a)(2) are minimal, "minimal requirements are not tantamount to nonexistent requirements." *Id.* (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988)). Clark's failure to allege any facts regarding these ten defendants in relation to his medical care falls short of this threshold pleading standard.

If the plaintiff wishes to pursue claims against any of these ten defendants, he may file an amended complaint in which he sets forth the alleged misconduct of the defendant. Even if Clark

---

[2]The remaining ten defendants are: (1) UMass Medical School; (2) Commonwealth of Massachusetts; (3) Governor Deval Patrick; (4) Ellen Kurtz; (5) Linda Booth; (6) Catherine Burke; (7) Dr. King; (8) Lawrence Weiner; (9) Dyana Nicki; and (10) Cynthia Sumner.

4

elects to bring claims only against the ten defendants as to whom summonses will issue, he may file an amended complaint.

Because an amended complaint completely replaces the original complaint, *see Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008), Clark should repeat in the amended complaint any allegations in the original complaint that he wishes to be part of the operative complaint. The plaintiff may also find it helpful to review the portions of the Court's June 25, 2014 order concerning the drafting of an amended complaint.

### III. Conclusion

Accordingly:

1. The plaintiff's motion for leave to proceed *in forma pauperis* (#10) is ALLOWED. No initial partial filing fee is assessed. The entire $350 filing fee shall be collected in accordance with 28 U.S.C. § 1915(b)(2). The Clerk shall send a copy of this order to the treasurer of the institution in which the plaintiff is confined.

2. The Clerk shall issue summonses as to defendants: (1) UMass Correctional Health Care; (2) Massachusetts Department of Correction; (3) Luis Spencer, Commissioner of Correction; (4) Thomas Groblewski; (5) Rebecca Lubelczyk; (6) Maureen Atkins, Health Services Administrator; (7) Gary Roden, Superintendent; (8) Herbert Ddungo, Nurse Practitioner; (9) RN Bill; and (10) RN/LPN Beth. Summonses shall not issue at this time as to the remaining ten defendants.

3. The plaintiff must serve the defendants as to whom summonses have issued in accordance with Rule 4 of the Federal Rules of Civil Procedure. The plaintiff may elect to have service made by the United States Marshal Service. If directed by the plaintiff to do so, the United States Marshal shall serve the summonses, complaint, and this order upon the defendants, in the manner directed by the plaintiff, with all costs of service to be advanced by the United States. Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, the plaintiff shall have 120 days from the date of this order to complete service.

4. The plaintiff's claims against defendants (1) UMass Medical School; (2) Commonwealth of Massachusetts; (3) Governor Deval Patrick; (4) Ellen Kurtz; (5) Linda Booth; (6) Catherine Burke; (7) Dr. King; (8) Lawrence Weiner; (9) Dyana Nicki; and (10) Cynthia Sumner shall be dismissed in forty-two (42) days of the date of this order unless the plaintiff files an amended complaint in which he sets forth with clarity the alleged misconduct of each defendant.

5. If served with a summons, the defendants are required to respond to the complaint. *See* 42 U.S.C. § 1997e(g)(2).

SO ORDERED.

  /s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE